**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 22, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARIA VERONICA ALFARO-
ESCOBAR,

Petitioner,

v.

MERRICK B. GARLAND,* Attorney
General of the United States,

Respondent.

No. 20-9582
(Petition for Review)

_____

**ORDER AND JUDGMENT**\*\*
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Maria Veronica Alfaro-Escobar ("Petitioner") petitions for review from the

Board of Immigration Appeals' ("BIA's") denial of asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  Petitioner is not entitled

---

\* On March 11, 2021, Merrick Garland became Attorney General of the United
States. Consequently, his name has been substituted for William P. Barr as
Respondent, per Fed. R. App. P. 43(c)(2).

\*\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to asylum or withholding of removal, however, because her proposed particular social group is impermissibly circular. Further, the BIA's denial of CAT relief is supported by substantial evidence. Accordingly, exercising jurisdiction under 8 U.S.C. § 1252, we DENY the petition for review.

## I. Background

Petitioner is a native and citizen of El Salvador. Petitioner was born in 1998. In El Salvador, Petitioner was sexually assaulted on a regular basis. One of her assailants was a member of the La Mara 18 gang and referred to Petitioner as "jaina." In 2016, Petitioner fled El Salvador and entered the United States as an unaccompanied minor. Petitioner was detained by the Department of Homeland Security and conceded her removability in Immigration Court. Petitioner also applied for asylum, withholding of removal, and protection under CAT.

Following a hearing, an Immigration Judge ("IJ") denied Petitioner's application for relief and ordered Petitioner removed to El Salvador. Petitioner timely appealed to the BIA. The BIA affirmed the IJ's decision. Petitioner then filed a timely petition for review in this court.

Petitioner presents two arguments in her petition for review: (1) whether she has established that she is a member of a cognizable particular social group, and thus entitled to asylum or withholding of removal; and (2) whether the BIA should have granted protection under CAT. *See* Pet'r's Br. at 7.

## II. Asylum and Withholding of Removal

"On an asylum claim, we review the BIA's findings of fact under a substantial-evidence standard." *Rodas-Orellana v. Holder*, 780 F.3d 983, 990 (10th Cir. 2015) (internal quotations and citations omitted). "We review the BIA's legal decisions de novo, but we defer to the BIA's interpretation of ambiguous provisions of the [Immigration and Naturalization Act], and must accept the BIA's interpretation if it is reasonable." *Id.* (internal quotations and citations omitted).

An alien is eligible for asylum if he or she is a "refugee" within the meaning of the Immigration and Naturalization Act. *See* 8 U.S.C. § 1158(b)(1)(A). An alien may qualify as a "refugee" if he or she is unable or unwilling to return to the country of his or her nationality because of "persecution or a well-founded fear of persecution on account of . . . membership in particular social group." 8 U.S.C. § 1101(a)(42). A cognizable "particular social group" must have "social distinction," also described as "social visibility." *Rodas-Orellana*, 780 F.3d at 991. "Although a social group cannot be defined exclusively by the fact that its members have been subjected to harm[,] this may be a relevant factor in considering the group's visibility in society." *Rivera-Barrientos v. Holder*, 666 F.3d 641, 650 (10th Cir. 2012).

Petitioner asserts that she belongs to a particular social group described as "[w]omen who have been subjected to or face being subjected to involuntary servitude and sexual slavery by the La Mara 18 gang." Pet'r's Br. at 17. The BIA held that Petitioner's proposed group was "defined by the harm asserted" and thus was "impermissibly circular." AR at 4.

3

The BIA's holding is correct because Petitioner's proposed particular social group is "defined exclusively by the fact that its members have been subjected to harm." *Rivera-Barrientos*, 666 F.3d at 650. As Petitioner explains in her briefing, her group is "limited to those females who have been threatened or subjected to sexual slavery by a gang." Pet'r's Br. at 17. Similarly, Petitioner asserts that the label "jaina" indicates that the group is socially distinct; yet, Petitioner defines "jaina" as "a shorthand reference for a woman who has been subjected to sexual slavery by a gang or who faces sexual slavery by a gang." *Id.* Thus, that label, like the proposed social group, is defined exclusively by the harm of sexual slavery.

The Ninth Circuit's decision in *Diaz-Reynoso v. Barr*, 968 F.3d 1070 (9th Cir. 2020), illustrates the flaw in Petitioner's reasoning. In that case, the alien's proposed particular social group was "indigenous women in Guatemala who are unable to leave their relationship." *Id.* at 1074. The Ninth Circuit held that the proposed group was not impermissibly circular because being "unable to leave" a relationship could be attributable to something other than the harm of domestic violence, such as social, economic, or cultural factors. *Id.* at 1087. The Ninth Circuit explained that "[t]he idea that the inclusion of persecution is a sort of poison pill that dooms any group does not withstand scrutiny." *Id.* at 1082. At the same time, however, the Ninth Circuit cautioned that "[n]othing in [its] analysis negates the precedent establishing that a group may be deemed impermissibly 'circular' if, after conducting the proper case-by-case analysis, the BIA determines that the group is defined exclusively by the fact that its members have been subjected to harm." *Id.* at 1086.

4

The Ninth Circuit also provided an example using left-handed people. *Id.* at 1083–84. The Ninth Circuit explained that left-handed people as a group may ordinarily lack social distinction. Yet, if left-handed people were persecuted *because* they were left-handed, that group might become recognizable and socially distinct. Such a group would be cognizable because "[i]n this example, it is the attribute of being left-handed—and not the persecutory acts—that would identify members of this particular social group." *Id.* at 1083. The persecutory acts would only be used to help show that left-handedness is socially distinct.

Petitioner's case is unlike *Diaz-Reynoso*. Unlike the alien in that case, Petitioner defines her proposed social group exclusively by the harm of sexual slavery—not some other attribute that may be described without referencing the harm. And unlike the example of left-handed people, Petitioner does not assert that "women" are the relevant social group and that sexual slavery is relevant to whether "women" are socially distinct; rather, Petitioner's proposed social group is limited to a subset of women defined exclusively by the harm of sexual slavery. Accordingly, Petitioner's proposed social group is impermissibly circular, and she is not entitled to asylum.

Because Petitioner fails to assert a cognizable particular social group, she is also not entitled to withholding of removal. *See Rodas-Orellana*, 780 F.3d at 987 ("Failure to meet the burden of proof for an asylum claim necessarily forecloses meeting the burden for a withholding claim."); 8 U.S.C. 1231(b)(3)(A) (threat to an

5

alien's life or freedom because of the alien's "membership in a particular social group" may warrant withholding of removal).

## III. CAT Relief

We review a CAT order for substantial evidence. *Nasrallah v. Barr,* 140 S. Ct. 1683, 1688 (2020). Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1692. To warrant relief under CAT, an applicant must show it is more likely than not she will be subject to torture in her country by, at the instigation of, or with the acquiescence of a public official or one acting in an official capacity. 8 C.F.R. §§ 1208.16–18. Acquiescence does not require "actual knowledge, or willful acceptance," but rather may be proven by "willful blindness." *Karki v. Holder*, 715 F.3d 792, 806 (10th Cir. 2013).

Petitioner asserts that "[t]he BIA should have granted [Petitioner] protection under CAT because it is more likely than not that she would be tortured by [a gang member] and the La Mara 18 with the acquiescence of the Salvadoran government if she is returned to El Salvador." Pet'r's Br. at 19. The BIA concluded that Petitioner's past torture did not give rise to a presumption of future torture. AR at 4. The BIA also concluded that Petitioner provided no evidence that any torture would be committed by or with the acquiescence of a Salvadoran government official. *Id.*

The BIA's conclusion is supported by substantial evidence. Although the record supports a fear of torture committed by private actors, such as La Mara 18 gang members, the record does not show willful blindness by the Salvadoran

6

government.  Petitioner relies on "stories of women forced into relationships with gang members being abused by police, who believed them to be willing collaborators with the gangs."  AR at 171.  Yet, those stories do not establish that Petitioner is more likely than not at risk of torture for two reasons.  First, there is no indication as to how common or frequent police abuse against "jainas" is in El Salvador.  *See Karki*, 715 F.3d at 807 (granting petition for review as to CAT claim where petitioner provided "evidence that the government regularly fails to take action to prevent or punish Maoist acts of torture").  Second, those stories do not establish any connection between the Salvadoran government and the particular gang members who persecuted Petitioner.  *See Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1192 (10th Cir. 2005) (denying petition for review where no reasonable adjudicator would "be compelled to find a connection between [the petitioners' torturer] and the Honduran government, or awareness by any public official that [the petitioners' torturer] has threatened petitioners' lives").  Thus, we affirm the BIA's denial of CAT relief because a reasonable adjudicator would not "be compelled to conclude to the contrary." *Nasrallah*, 140 S. Ct. at 1692.

Entered for the Court

Mary Beck Briscoe
Circuit Judge